UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEAST DIVISION



FILED
04 JAN -7 PH 1:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| SEAN SCRUGGS, | ] |
| Plaintiff(s), | ] |
| vs. | ] CV-01-CO-01959-NE |
| ROADWAY EXPRESS, INC., | ] |
| Defendant(s). | ] |

ENTERED
JAN 0 7 2004

### MEMORANDUM OF OPINION

The plaintiff filed a Motion to Reconsider on November 10, 2003. [Doc. 89]. The motion has been fully briefed and is ready for submission. Upon due consideration and for the reasons set out herein, the motion will be denied.

The plaintiff claims the court "failed to view all of the evidence in the record and more importantly, failed to view it in the light most favorable to Scruggs and failed to make all inferences in his favor." Doc. 89, p. 2. If the plaintiff succeeds in showing the court made an error of law or fact, the motion is due to be granted. However, upon review of the motion, the court finds the plaintiff is merely rearguing the summary judgment motion.

He has not presented new evidence or new law, nor has he pointed to any clear error made by the court.

> A post-judgment motion may be treated as made pursuant to either Fed.R.Civ.P. 59 or 60--regardless of how the motion is styled by the movant--depending on the type of relief sought. Here, the relief sought was the setting aside of the grant of summary judgment, denial of the defendant's motion for summary judgment, and trial on the merits of the case. Thus, it is properly characterized as a Rule 59(e) motion to alter or amend the judgment, rather than a Rule 60 motion for relief from the judgment.

Mays v. U.S. Postal Service, 122 F.3d 43, 46 (11th Cir. 1997). The denial of a Rule 59 motion will not be overturned absent an abuse of discretion. *Id.* Motions to amend should not be used to raise arguments which could, and should, have been made before the judgment is issued. *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990). A denial of reconsideration is especially soundly exercised when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation. *Id.*, citations omitted. Motions under Rule 59(e) must clearly establish a manifest error or present newly discovered or previously unavailable evidence. *F.D.I.C. v. World University Inc.*, 978 F.2d 10, 16 (1st Cir. 1992). They may not be used to argue a new legal theory, to reargue the motion, or to present evidence

which should have been raised before. *Id.* A motion to reconsider is also appropriate when there is an intervening change in controlling law or a need to prevent manifest injustice. *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993). Although a district court has considerable discretion in deciding a motion to reconsider, the discretion must be balanced between finality and the need to render a just decision on the basis of all the facts. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). "After a judgment has been entered, the interest in finality may be deemed 'compelling .'" *Lussier*, 904 F.2d at 667 (citations omitted).

Arguing for reconsideration of his hostile environment claim, the plaintiff points to the same evidence he relied on in responding to the underlying motion, and to evidence he previously included in the record but did not cite in support of his position. *Cf.* Doc. 89, pp. 5-6 and Doc. 63, pp. 6, 17, 30. Plaintiff has not attempted to explain how the evidence upon which he newly relies, co-worker Jefferson's testimony about comments he

heard at Roadway,[1] is relevant to Scruggs' hostile environment claim.[2] The court agrees that Scruggs' claim can, in part, be based on conduct and comments which were not directed at him. However, here there is no showing that Scruggs was even aware of the comments he now offers. *See Walker v. Ford Motor Co.*, 684 F.2d 1355, 1359 n. 2 (11th Cir. 1982), *Perkins v. U.S. Airways, Inc.*, 8 F. Supp. 2d 1343, 1351 (M.D. Fla. 1998). Scruggs testified that he did not hear Shanks or any Roadway employee other than Rozea use offensive language. [Scruggs Dep., pp. 81-83, 90-91]. Harassment is not severe or pervasive if the plaintiff does not subjectively perceive the environment to be abusive. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21-22 (1993).

---

[1] In his initial response to Roadway's motion for summary judgment, Scruggs offered his testimony that, in June of 1999, Rozea told him about derogatory comments made by Roadway supervisors. Though Scruggs' testimony about Rozea's comments was hearsay to the extent Rozea's statements were offered for the truth of the matter stated therein, the court considered them to the limited extent they supported Scruggs' perception of the racial environment at Roadway. However, Jefferson's testimony about what Rozea said to him is also hearsay and has no relevance to Scruggs' claims because there is no showing Scruggs heard the conversation. Doc. 89, p. 5.

[2] In ruling on a summary judgment motion, the court must consider all the evidence of record, but the court is not obliged to distill every potential argument that could be made based on the materials before it on summary judgment. *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 598-99 (11th Cir. 1995).

Scruggs also argues the court erred in stating that there was no showing the doll display was intended to be race related. However, Scruggs' burden is to show he was harassed because of his race. Although Scruggs testified the display reminded him of "bad history," his description of the display and the circumstances surrounding the display does not compel the conclusion that the display was race related. Doc. 87, pp. 15-20. Nevertheless, despite this fact question and assuming the display was race related, Scruggs did not show he was subjected to severe and pervasive harassment. The incidents he described were not frequent or severe, he was not physically threatened or humiliated, and there is no showing of unreasonable interference with his job performance. Doc. 87, 15-20. Scruggs has offered no reason for the court to change its conclusion that "[b]ased on this record, a jury could not find Scruggs has been subjected to an objectively severe hostile work environment at Roadway." Doc. 87, p. 20.

Neither has Scruggs offered any reason for reconsideration of his disparate treatment claims. As to his claims of discriminatory job

assignments and discipline, he has not presented new evidence showing that the comparators he named were similarly situated.

Accordingly, the motion for reconsideration is due to be denied. A separate order will be entered.

Done, this ___ of January, 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE